UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

                      Plaintiff,

                                                      **DECISION AND ORDER**
     v.                                                            99-CR-2-A

DAVID WILLIAMS,

                      Defendant.

───────────────────────────────

      The defendant, David Williams, has filed a *pro se* motion for a resentencing to a time-served sentence pursuant to 18 U.S.C. §3582(c), Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, and Amendment 782 to the Sentencing Guidelines.  Dkt. No. 1118.  For the reasons stated below, defendant Williams' motion for resentencing is denied.

## DISCUSSION

      Defendant Williams argues that he was sentenced for a "covered offense" under the First Step Act when he was sentenced on October 4, 2002, for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(b) ("CCE"), and that he is therefore entitled to resentencing and consideration of a reduction of a mandatory life imprisonment sentence.  *See e.g.*, Dkt. No. 122.  The defendant overlooks that he was resentenced after remand from the Court of Appeals on October 1, 2010, when he received an aggregate sentence of 360 months imprisonment.  Dkt. Nos. 1112-13.  This sentence of imprisonment, of which the defendant has served approximately 21 years, was comprised primarily of 300

months for the CCE conviction and some concurrent sentences for other offense conduct, plus a 60 months consecutive term of imprisonment for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *Id.*

When defendant Williams' 300 months sentence for the CCE conviction was imposed on October 1, 2010, the Court calculated a drug-quantity offense level upward adjustment based on powder cocaine only and included no amount of crack cocaine in his relevant conduct. Dkt. No. 1113, pp. 11-13. The trial jury had acquitted the defendant of charges that referred to crack cocaine. Dkt. No 649. As a result, and as the Court previously concluded, the defendant's sentence, which was a below-Guidelines sentence, was not imposed for a crack cocaine offense that was affected by the Fair Sentencing Act of 2010, Pub. L. No. 111-220; 124 Stat. 2372. *See* Dkt. No. 1117 (denying sentence reduction). In other words, the defendant was not sentenced for a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Section 404(a) of First Step Act. Consequently, the defendant's CCE conviction is not a "covered offense" under the First Step Act. And even assuming the First Step Act afforded the defendant a right to a resentencing in connection with his cocaine and money-laundering sentences, the Court finds resentencing would be unwarranted.

If resentenced, defendant Williams' adjusted offense level under amended Sentencing Guidelines for the offense conduct for which he received the sentence of 300 months would be at least level 40, and given his Criminal History Category of III,

his advisory range of imprisonment would still be to a term of 360 months to life imprisonment, the same range that applied when he was sentenced on October 1, 2010.  Accordingly, to the extent the defendant also argues for a sentence reduction under 18 U.S.C. §3582(c)(2), the sentence of imprisonment that was imposed remains below the minimum advisory range and, pursuant to U.S.S.G. 1B1.10(b)(2), a further reduction would be barred.

## CONCLUSION

For the foregoing reasons, the *pro se* motion of defendant David Williams for resentencing, Dkt. No. 1118, is denied.

**IT IS SO ORDERED.**

                                                   _s/Richard J. Arcara_
                                   HONORABLE RICHARD J. ARCARA
                                   UNITED STATES DISTRICT COURT

Dated:  May  18, 2020